Good morning, Your Honor. Brian Van Vleck on behalf of Defendant Villar. Okay. Let's go ahead and start. Yes, go ahead. I'm sorry, go ahead. Go ahead. Okay. And just for the record, we technically have an appeal and a cross-appeal, but I'll just go ahead and address all the issues. Yes, please. Address all the issues and we can just wrap it up. Okay. Well, in this case, I mean, the paper certainly lay it out, I believe, but the plaintiffs in this case were seeking an injunction against Mr. Villar that is entirely predicated and based on a finding of violations of an FDIC prohibition order and a Federal Reserve Bank consent decree, specifically asking the court to find that in relation to a totally separate civil action in Mexico, the wrongful termination, that any monetary recovery in that action would constitute a golden parachute payment within the prior consent decree and or will constitute a violation of the participation clause in the prohibition order. And as we pointed out below and as the lower court, I think, agreed with the reasoning, that runs afoul of the bar on federal district courts exercising jurisdiction by injunction or otherwise in a way that would affect the enforcement or that would modify regulatory quarters. That's the section 1818 of the Oops, I think we may. Yeah, we lost you. We lost you, counsel. Richard, are you there? Oh, there we go. In the injunction paper. Yes, there seems to be an issue with Mr. Van Vleck's connection. Blanca, yeah. Mr. Van Vleck, are you there? Oops, are you there? We lost you there for a few minutes, Mr. Van Vleck. Sure. Sorry about that. Mr. Van Vleck, might I suggest that you change to audio on the phone to continue your argument? Okay, how do I do that? If you find the mute button at the bottom left of your screen, there's an upward arrow on the top right of that button. Click that and then click switch to phone audio and follow those instructions. Phone audio. Okay. Now it seems to be working. Richard, can we just try this without going to phone? Yeah. Yeah, I guess you're hearing me now, so I'm not sure what happened. You're fine now. Okay. I don't know what I did. I touched nothing, I guarantee. Okay, so I'll just launch back. I'm not sure exactly where I got cut off. Actually, counsel, let me jump in with a question because you were mentioning that the district court indicated that that 1818, 12 U.S.C. 1818, perhaps was a limit on the plaintiff's case here against your client. And I'm going to have this question for opposing counsel as well. It's still a little confusing to me what exactly is on appeal in this case. So we have the injunction and the limited injunction, the very short thing, and you are contesting that that injunction was improperly in place because of 12 U.S.C. 1818. Is that correct? That is correct. Okay. As to your appeal, putting the cross appeal for a side, are there any other issues besides what I just framed that the injunction that appears on ER 1 to 2 is prohibited due to 12 U.S.C. 1818? No, I don't believe so. The court, I believe, is somewhat unusual, perhaps, but the court, I think, made it clear that he believed that this had to be resolved by the Ninth Circuit, and the party sort of stipulated, and he entered an injunction with the understanding that the Ninth Circuit would review this jurisdictional issue, and I think that's how we're here. That's my understanding. We're only appealing that. Just to make it dead certain, you're only challenging jurisdiction, and that's it, under 1818. That is correct. Okay. So why don't we... As to our appeal, the court, I believe, denied what I believe should be characterized, and I know the issue isn't 100% clear on the record, but it should probably be characterized as a separate injunctive request that was originally made for an anti-suit injunction, which would be broader, and the court, I believe, in the record, denied that, and then gave the plaintiffs leave to pursue a more narrow injunction that would deal with just an injunction against enforcement in the United States of Mexico judgment, and that then proceeded, and it was only after that narrowing of the injunction that, frankly, we raised, discovered, and raised the jurisdictional issue that existed under Section 1818, and so the defendant raised that as a defense to that more narrowed injunction. The court seemed to agree with our analysis in his tentative ruling, but then wanted the parties to do something that would tee it up for appellate review of his jurisdiction, and that is what we are appealing is the final limited order that I think is just for the purpose of gaining clarity on the court's jurisdiction. I guess if I could just jump in here, it seems to me a little bit odd, and I don't have the experience that Judge Pius and Judge where a district court effectively says, you know, this is really hard. The Ninth Circuit can just decide this. This is just really hard. We normally have to have order that clearly says what the district court is doing, and we review that order. We don't review the case. We review the order, and so I get, and maybe this is more of a question for opposing counsel, because I know they want to cross appeal, but so as far as you're concerned, what we're reviewing is just that ER 1-2 and whether 1818 knocked it out, correct? I believe that's right, because whatever, you know, denial or grant of an injunction, my understanding is it's appealable either way, and if our subject matter jurisdiction is something that, you know, would apply to any ruling that the court made, so I think that's in, that's probably in front of the Ninth Circuit right now. Okay, now as to the cross appeal, because you said you were going to cover both, let me ask you this. Sure. Can you point us to what we're reviewing as to the cross appeal? What order would we be reviewing to the extent we're going to apply any deference to that order if it's some sort of a discretion standard? Where am I looking in the record for that? Sure, absolutely. That would be, let's see, that would be the court's, let's see, it was in August. Is it the August 29th order? Yes, I believe so. All right, so let me, let me jump in there, because this is, the August 29th order certainly reads like a final order, but later it's described as just being tentative, so I, look, if this said final on it, I would, I would agree with you, but the record as I read it says it's tentative, and that's when the judge said, well, the Ninth Circuit's just going to figure this all out, so as to, is there anything other than this order, the one on August 29th, that says, no, here's my decision, any injunction is a loser, and here's why. Well, as to the anti-suit, you know, the, again, the broader request, I believe he was clear, I believe it's in our brief,  where he does say that he, Judge Wu has a tentative order, this is what, and I'm sorry if I, I could put my finger on it in just a moment, but he had a, this is right, he had a tentative order denying the injunction as violating the rule of comity, which is essentially what he based it on, okay, and then he asked us, though, that is, he asked us to seek guidance from the FDIC and the Federal Reserve Bank, and subsequent to that, each of those agencies provided letters, advisory letters, on whether they interpreted the remedies in the Mexico action as being in violation of their orders. After briefing and considering that, Judge Wu basically reaffirmed his, his prior tentative denial, and I believe it's clear in his order, he says, I, you know, this is, I'm confirming my prior tentative, and this is the final to deny the anti-suit injunction. And when you say the order, again, you're referring to ER 1 through 2, where he says, VILAR shall not enforce any ruling from the Mexican Labor Board, so on, and then it says, the parties have not waived and otherwise have reserved all providers and ratios. That is, by, by silence, he had effectively ruled on it. Well, that's the final, that, that is the final order that, that we are appealing, that I think tees up the jurisdictional issue, to the extent, um, the court were to second guess his denial, his exercise of discretion on denying the broader anti-suit injunction. Um, that is in a prior minute, it's labeled as a minute order. It was August, wasn't it the August 29th minute order? I, I do believe that's correct. Where he attaches a written explanation, and in the first paragraph, he says, the court confirms it's August 1, tentative ruling as its final ruling on the motion. Yes, yes, that is it. For the reasons expressed therein, and as briefly supplemented herein. Yes. And, and I would, I would say that that to me is a final order denying the, the anti-suit, the broader anti-suit injunction, again, on the comity grounds, uh, that he was laying out in original tentative order. Um, and that then the, the, uh, subsequent more narrow, uh, injunction, I think is a separate, essentially a separate request that was eventually denied in his February, or, you know, granted in part, denied in part in his ultimate February 20th, uh, order, which is the basis of our appeal. So why don't we, can I get you to go back to the, to your appeal of the grant of the limited injunction? Certainly, certainly. Okay. So you appeal that and you say, well, the court didn't have jurisdiction under 1818. Correct. Correct. I'm sorry. Where did he go wrong? Where did the district court go wrong on that? And grant, in granting the limited injunction on the jury. Why, why, why is that it, why is that limited relief outside of 1818 or, or within 1818? Okay. What's the jurisdictional problem? Sure. Well, because the, the whole request for an injunction, it is premised on the idea that going forward with the Mexico action or enforcing the Mexico action will trigger a violation of the FDIC prohibition order, um, and or the, the Federal Reserve Bank consent decree. And that section 1818 says it says that, um, any enforcement, um, or, or any ruling that would affect such orders, um, is outside the jurisdiction of the district court and is reserved for the, uh, uh, rather for the agencies themselves, if they want to enforce, uh, uh, their orders, that's their prerogative. It's not the prerogative of private parties in a, uh, you know, in a, in a, in a separate civil action. Therefore, there's no jurisdiction whatsoever with, you know, uh, frankly, the, uh, reasoning and... Well, well, how did, let me ask you this, how, how did in granting the limited injunction, how did the district court in any way interpret, uh, in joint enforcement? It seems like what it did was, was just a parallel, the relief is just I don't see how they're, I don't see what, at least with respect to granting the limited injunction, I don't see how that, I don't see the problem and I'm not following you. Well, I mean, if the court is, I mean, it's just the whole premise of the order. I mean, the court is, there's no, there's no legal basis for the injunction except in so far as, uh, enforcing, uh, uh, a ruling of the Mexico labor board would somehow violate that, that, those, those administrative orders, the prohibition order or the, uh, or the consent decree. There's just no legal basis for... Well, were they, were they seeking debt relief? This was, this is, you're here on an injunction, but what was the final relief they were seeking? Injunctive, the complaint was, uh, injunctive and declaratory relief. Right, that they wouldn't, they wouldn't be violating that agency decree, uh, by, you know, they would be violating that agency decree if they had to hire him back. Um, most likely if they actually had to, uh, hire him, um, but that's not necessary under Mexico law. That's a, uh, an issue of contention between the parties and, and in order to resolve that issue and, and Mr. Ballard has made clear he doesn't want to, um, be reinstated and the prohibition order is binding on him individually already. Um, so he is not in any way trying to be actually reinstated. He's just trying to get monetary recovery on his termination action in Mexico. Um, and the plaintiffs have raised an argument that, that, uh, really contradicts the opinion of the FDIC and the... Maybe I'm missing something here, but I guess you're saying that you don't really care about the injunction? You're not really objecting to the injunction? No, absolutely we are. We're objecting to the injunction because Mr. Ballard should have no to pursue his legal remedies in Mexico. That's, that's our whole position. And their only basis for arguing that there's any ground for an injunction is that pursuing a judgment in Mexico would somehow violate the prohibition order of the consent decree. That's the whole basis of their, of their motion and, uh, and, uh, and their complaint. And, uh, that finding, uh, would require a violation of section 1818 for the district court to enforce this. Because I understood that what you said is he's not seeking to be reinstated. So that's all the, the effect of the injunction is that they can't reinstate him. He doesn't want to be reinstated. So it's like, why do we even have an injunction? Well, that, that was, that was our position as well. But they, the injunction that I'm reading, it says Ballard shall not enforce any ruling from the Mexico labor board, you know, dot, dot, dot, including, but not limited to reinstatement. So right now there's an injunction against him enforcing a judgment. There's no legal basis for that, except, except what they've argued that is in violation of, uh, uh, of section 1818 for the, for the court to decide. Why don't, why don't we hear from the other side so we can figure out what they think is the jurisdictional problem or why there isn't a jurisdictional problem. Then you can have the remaining time for rebuttal. May I proceed? Yes, Mr. Fetter. Thank you, your honor. Um, and may it please the court. So why don't I start there? Um, there are a number of reasons why it's not within 1818. Uh, a good place to start is that, uh, the premise of counsel's argument is not right. That the, uh, enforcing the order or orders is not the, uh, sole basis. It's not the, uh, what we're doing here. Uh, and that's true in a few ways. Uh, one is that, uh, there's a difference between, uh, seeking to enforce an order against Mr. Villar and seeking to protect ourselves against being put into a position where we would be violating the law. If we were to hire him back or, uh, and this is the second part, uh, there is the whole aspect of the golden parachute, uh, problem here, which is that any payments that, uh, we would make to him in this connection would be, uh, uh, the golden parachute under the regulations. Uh, we would not be able to make the representations that one would need to make, uh, to clear any payments. Uh, that is not enforcing the order. That is just something where, again, uh, we're seeking protection against having him enforce an order that would put us as the district court said between a rock and a hard place where, uh, you know, we would either have to violate a Mexico order or violate U.S. law. Uh, there are, however, additional reasons why, uh, it's not within 1818. Uh, there is, uh, I think a premise in Mr. Villar's argument that, uh, what we are doing amounts to enforcement of, uh, the prohibition order and that that is forbidden or that there's no jurisdiction over that by 1818. That's not actually what 1818 says. Uh, I mean, first of all, what we're doing is not enforcement. We're not a party, uh, to the order. So, uh, we can't be enforcing it, but 1818 is about interfering with the regulators enforcement. It doesn't say, uh, there's no jurisdiction over, you know, any action to, uh, enforce the order. It says no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement to affect the issuance or enforcement. This is all about making sure that, and most of the cases that you'll see, like the ones that Mr. Villar cites are situations where often the person who's the subject of an order is attempting, uh, to get a federal court to either hold that some part of an order, uh, is invalid, but basically to escape the prescribed review process. Uh, 1818 says you can't do anything that's going to affect the regulator's ability or their, their issuance or enforcement of the order. And we're not doing anything here, uh, that would in any way affect, uh, their issuance or enforcement, uh, of their order. Uh, so how about to review? We're not reviewing. By way of injunction or to review or modify, suspend, terminate, or set aside. So I guess, presumably, in a claim for an injunctive relief, I guess the court could, I guess, theoretically could review. Well, yes, but I, I think, you know, here we're dealing with, you know, the, the canons that tell us we have to read words in context and, uh, obviously review can have different meanings. One mean, one dictionary meaning is simply to look something over, which is maybe what you'd be doing, uh, in, in looking at the order and the context of the injunction application here. But it's clear in the context of this statute that review is being used, uh, in the sense in which, uh, a, uh, usually a higher court reviews, uh, an order, uh, to determine whether it is, uh, a valid order in compliance with law and so forth. We're certainly not asking anybody to, uh, review the order. Uh, you know, it, uh, uh, is review goes along with modify, suspend, terminate. We're not doing anything to the order here. Uh, we're just trying to prevent ourselves from being put into the position of, uh, you know, that, that, uh, rock and hard place. And, um, you know, we think that, uh, if with the court's permission, I'd like to shift over to the cross appeal aspect. Thank you. Sure. So, you know, I think that in terms of whether this was supposed to, you know, there was some final decision on this aspect of August 29th, this is page 14 of the supplemental excerpts. I mean, the court says pretty clearly that, uh, you know, basically not withstanding with whatever it may have intended in the tentative order, it's the court says that it's continuing the issue. And as you can see from the papers, the court continued things a number of times. There's never any final determination, uh, on, uh, any aspect of the motion. The fact that the court, uh, as it continued things along the way, uh, may have devoted more discussion and focus to, uh, the part that, uh, it was continue considering or more seriously considering entering. It doesn't mean it had denied at some point, uh, you know, some sub aspect of the order. There was a final, uh, final preliminary order, since it's a preliminary injunction, uh, that's entered all at once. That is the order under review and it grants a partial, uh, relief, which is the injunction against enforcement. Uh, but, uh, you know, we don't get the broader injunction that, uh, that we were seeking. So, uh, I do think that, uh, it is, uh, certainly, you know, uh, it's all part of that is the order that embodies the decision, uh, of the district court, uh, it grants us part. So let me, let me, it was, was, was, you know, when I read the, this the earlier minute order and this minute order and some of the transcript, it seemed like the district judge was concerned that to, to grant the injunction you were seeking here on the golden parachute, that he would essentially have to interpret the, um, the prohibition order to determine whether or not the golden parachute fit within it, or, you know, was outside of it, or somehow or other was affected by it. Well, I, I would say he was concerned that he would be somehow or other interfering or whatever if he made that determination, but is he off base on it? Was he off base on that? Well, um, you know, your honor, first, I guess I'll say, I don't want to presume to, to know exactly what the district court's concern was there because it was not made a hundred percent clear. I think, but I think that with respect to the golden parachute, it's particularly clear that it's not about interpreting the order. There are golden parachute regulations that apply of their own force, completely irrespective of anything that's in a prohibition order that Mr. Villar has borrowed from the industry. Uh, so there is no, uh, interpretation I think that, uh, would be involved in that. I think there are a couple of other things I should add, you know, 1818 doesn't say anything prohibiting interpretation. Uh, so that's a side point. Well, it says review. Right. But again, your honor, I really think that in context, I mean, this is all about prescribing a process of review, meaning that's usually going to mean challenges, uh, to the order or appeals from the order. Uh, and at least in part with the golden parachute is, uh, that with all respect to the district court, I think the judge, uh, may have misinterpreted what granted is not, uh, the clearest statement by the regulators in their letters. Uh, I think when you understand them and you read through them carefully, it becomes clearer. Uh, but I think he read the FDIC for instance, is saying there's no golden parachute problem when, when, when, what the FDIC was actually saying in its letter was that, uh, one of these entities, the BADMX entity is not a covered entity for us. And you got to go talk to the fed about that because, uh, they're under the jurisdiction of the fed and the fed says, yeah, they're under our jurisdiction. Uh, we're the golden parachute regulations. The FDIC maybe may tell you that. And so we caution you, you know, not to go against anything the FDIC says or against the rules. So, um, you know, I can't tell you why the regulators hunted on this, but there, I think that the judge may have read them as not punting, but as saying there wasn't an issue when, if you look at those, uh, letters that that clearly is not what they're saying, but certainly there is not something, the golden parachute issue does not turn, uh, in any way on, uh, the content of the prohibition order, uh, let alone, you know, amount to the kind of, uh, thing affecting or reviewing or modifying that. So he would just have to look at the regulations, defining golden parachute, look at the payment that the Mexican court ordered to be paid and said, this looks, this qualifies as a golden parachute. I mean, yeah, I think also if you, if you, if they're forced to pay it, it's going to violate the prohibition order. Therefore you get an injunction. Yeah. I mean, there, there are overlapping reasons for it. One is the golden parachute. The other is that we're talking about payments that, you know, when there's expert testimony in the record about how Mexican law works on this, but that basically all these would be to the extent that there are any payments, they would be in consequence of, or as part of, uh, an obligation to reinstate. And so it actually would be a problem both as being part of a, you know, prohibited reinstatement and, uh, as a golden parachute issue. I think that, yeah. So really like this whole end run by Mr. Villar, who's a, you know, U S resident was employed here, uh, was fired for cause because of these violations and then went to Mexico to try to evade all of this. I mean, you know, the court could just say that whole project is, is illegitimate and shouldn't continue. Or at a minimum, uh, could I suppose at least have said that, uh, you know, you certainly, uh, if the court felt like an interpretation of the golden parachute regs was necessary, which for those reasons, I don't think it is, but if the court thought it was good, it could say, you know, you're enjoined from doing it unless and until you get a ruling that it's not a golden parachute. Uh, but I don't think that it should have just been sort of left out there. Counsel, this whole discussion though, reminds me of when we have questions of state law and we seek certification from the Supreme court to clarify state law so we can proceed in this case. How is what the district court did any different than that? Well, I mean, the, the clearest similarity is it's almost like the district court, uh, certified to this court. That's what I mean. That's what I mean. And if that's the case, then how do we have jurisdiction to review the cross appeal? Well, because I think that, uh, there's the court did issue an order, uh, that this, it ruled on the, on the application for a preliminary injunction. That's what was going on in the district court's mind about why it was ruling. I don't think affects this court's jurisdiction. Okay. The court, I see your point. I mean, basically you're saying that because it granted on one and didn't grant on other, it effectively ruled on yours effectively said you lost didn't, maybe it's unclear why you lost, but nevertheless you lost that. That is the way I would read it. I see my time is up. Thank you. Yes. Thank you. You have two minutes. Um, well, just say, first of all, everything council said, I think demonstrates that what exactly what they're asking the court to do. The district court is, is invades the prerogative of the, uh, uh, administrative agencies to construe and enforce their own orders. They're taking this consent words, prohibition order, and they're going to the district court and saying, uh, we think that proceedings in Mexico are going to lead to violations of these things. Even though you've issued an opinion that we think is ambiguous, we want the court to decide what your opinion really means and what, what the orders really mean. Uh, the district court was concerned and properly. So, uh, he described it as, as basically a decision on the scope of enforcement and, and certainly deciding the scope of enforcement is affecting the, uh, the, the enforcement or the jurisdiction of the enforcement of an order. Um, and that's invading the, uh, exclusive jurisdiction of agencies to, to, to do that. It should be up to them to decide whether, um, whether back pay under Mexico law is a golden parachute, you know, or a, or a reinstatement. Um, you know, those are matters for the, you know, matters, uh, specialized banking, um, um, authority that the, that the law reserves for the, uh, for the administrative agency. Um, and then just lastly on the, on the, uh, uh, cross appeal, the court, uh, there's no showing of any error whatsoever, uh, for the district court. Uh, the district court had a very considered balanced ruling on the, on the effects of comity from, from them, uh, essentially, uh, litigating six years in Mexico and then coming to the United States. Um, the, uh, they have not pointed to any error made by the district court. They haven't pointed to any application of an incorrect standard or, or use of an incorrect fact. So that was a perfectly proper exercise of discretion that there's just no, no basis bill to turn. Um, so unless there's any questions, I think that, uh, I think that pretty much sums up the issues. I do think that the, the district court in issuing even the limited injunction, um, everything was based on their, their, you know, their, uh, uh, their application, their, their motion, which was a hundred percent based on allegations of violating administrative orders, uh, which in turn were premised on contentious interpretation and construction of those same orders. And it just goes right into section 18. All right. We got it. All right. Appreciate your arguments. Counsel. Um, interesting case matter will be submitted at this time. Thank you again. Thank you. That ends our, that ends our session.
judges: Fernandez, Paez, Owens